Commonwealth v. Best.

COMMONWEALTH vs. CHARLES BEST.

Hampden. May 5, 1980. — July 1, 1980.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Criminal,* Variance. *Escape. Imprisonment.*

An escape from a work-release program in a house of correction, as defined in G. L. c. 127, § 86F, constitutes an escape from a house of correction, as defined in c. 268, § 16; the maximum penalty for an escape from a work-release program, however, is the maximum sentence set forth in c. 127, § 86F. [63-64]

INDICTMENT found and returned in the Superior Court Department on May 14, 1979.

The case was heard by *Tamburello,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Thomas Hoffman* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.

LIACOS, J. On May 1, 1979, the defendant, Charles Best, was indicted for escaping from the Hampden County house of correction, "or from the custody or officer thereof," in violation of G. L. c. 268, § 16. Best pleaded not guilty and was tried jury waived in the Superior Court in Hampden County on July 30, 1979. At trial, pursuant to Mass. R. Crim. P. 25 (a), 378 Mass. 896 (effective July 1, 1979), the defendant moved for a required finding of not guilty on the ground that the Commonwealth had proved an escape from a house of correction work release program, G. L. c. 127, § 86F, not a violation of the general escape statute, G. L. c. 268, § 16. The judge denied the motion, found the defendant guilty, and sentenced him to serve three to five

years at the Massachusetts Correctional Institution — Walpole. The defendant appealed, and we transferred the case here on our own motion. The appeal was argued before us on May 5, 1980, and we issued an order on May 7, 1980, the relevant portion of which is set forth in the margin.[1]

A review of the trial transcript shows that, on August 4, 1978, Best was sentenced for one year to the Hampden County house of correction. Six months later, he was transferred to the prerelease center at the house of correction. The center conducted a work-release program [2] in which the defendant held three jobs: at Westover Knitting Mills, the local YMCA, and a car wash. For the YMCA job, he generally left the prison around 7 P.M. and was due back around 10 P.M. At 7:30 P.M. on April 14, 1979, Willie Smith, a counsellor at the prerelease center, drove Best to his job at the YMCA. Best did not return to the prison. He was arrested on June 13, 1979, during a disturbance at a bar, and he was identified and booked on an escape warrant.

The defendant contends that at the trial the Commonwealth proved a violation of G. L. c. 127, § 86F, even though the indictment charged a violation of G. L. c. 268, § 16. This, the defendant contends, is a fatal variance requiring reversal of the conviction. The defendant argues in his brief that, if the Commonwealth proved a violation of

---

[1] "We agree with the judge that the Commonwealth proved a violation of G. L. c. 268, § 16. However, G. L. c. 127, § 86F, provides a specific definition of an 'escape' from a work release program in a house of correction. Although an 'escape' under § 86F is an 'escape' under § 16, the maximum sentence under § 16 for an escape as defined in § 86F is one year in the house of correction.

"We remand the case to the Superior Court for resentencing in accordance with this order. Furthermore, we order that the defendant be transferred immediately to the Hampden County House of Correction, unless he is being held in Walpole on another basis. A rescript and an opinion will follow."

[2] No one disputes that this was a work-release program created pursuant to G. L. c. 127, § 86F.

G. L. c. 127, § 86F,[3] not G. L. c. 268, § 16,[4] the conviction must be reversed.[5]

He contends, in substance, that "a crime must be proved as charged and must be charged as proved." See, e.g., *Commonwealth* v. *Grasso,* 375 Mass. 138, 139 (1978). Thus, he claims the Commonwealth had to prove that Best violated G. L. c. 268, § 16. Best points out further that, in *Commonwealth* v. *Hughes,* 364 Mass. 426, 430-431 (1973), we distinguished between G. L. c. 127, § 49, and G. L. c. 127, § 90A. Section 49 applies to escapes from work release and other outside programs for inmates of State correctional institutions. Section 90A relates to furloughs for inmates of State and county correctional facilities. We noted that § 90A authorizes the Commissioner to "extend the limits of the place of confinement" by granting furloughs.

---

[3] General Laws c. 127, § 86F, as amended by St. 1971, c. 26, provides in pertinent part: "Any inmate participating in such work release program and permitted to leave his place of confinement for the purpose of working in gainful employment, as herein provided, who leaves his place of employment without permission of his employer and with the intention of not returning to his place of confinement, or who having been ordered by the sheriff or the work release supervisor to return to his place of confinement neglects or refuses to do so, shall be held to have escaped from such house of correction, and shall be arrested and returned to such house of correction, and, upon conviction of such escape, shall be sentenced for a term not to exceed one year or the term for which he was originally sentenced, whichever is the lesser."

[4] General Laws c. 268, § 16, as appearing in St. 1973, c. 1062, § 1, provides: "A prisoner who escapes or attempts to escape from any penal institution or from land appurtenant thereto, or from the custody of any officer thereof or while being conveyed to or from any such institution, or fails to return from temporary release granted under the provisions of section ninety A of chapter one hundred and twenty-seven, may be pursued and recaptured and shall be punished by imprisonment in the state prison for not more than ten years or by imprisonment in a jail or house of correction for not more than two and one half years."

[5] At oral argument, in response to a question, counsel for Best stated he found acceptable an alternative form of relief. He would treat an "escape" under § 86F as an "escape" within § 16, but would assert that violation of § 86F carries a maximum penalty of one year in a house of correction. The Commonwealth conceded that, if Best's case is within § 86F, he is entitled to resentencing.

We held G. L. c. 268, § 16, applies to escapes while on furlough because an inmate on furlough is constructively within the penal institution. However, we stated "[t]he absence of similar language in § 49 suggests that the Legislature thought it necessary to include in that section express language making the failure to return to the penal institution from a program outside the correctional institution punishable as an escape." Best contends that this dictum applies to § 86F and implies that an escape within § 86F is not an escape within § 16. We disagree.

We are not bound by a dictum about a statute not involved in the case before us. Nor are the implications of that dictum wholly clear. Even if we give that dictum the meaning the defendant urges, § 86F must be interpreted in light of its own language. Section 86F describes conduct by which an inmate "shall be held to have *escaped from such house of correction*" (emphasis supplied). Even though the Legislature did not repeat the "extend the limits of . . . confinement" language of § 90A, the Legislature in § 86F did define an escape, which constituted an "escape from any penal institution" within the meaning of G. L. c. 268, § 16. These two techniques of bringing inmate conduct within the reach of § 16 are different, but not inconsistent.[6]

The Commonwealth argues that § 86F does not cover all failures to return from work release to the house of correction. For example, an inmate could fail to return from work release, but the incident might not involve leaving the place of employment without permission or disobedience of a direct order to return. The Commonwealth would treat such an inmate's failure to return as an escape within § 16, but not within § 86F. Furthermore, the Commonwealth argues that the present record does not establish that the

---

[6] We express no opinion whether a violation of § 49 is similarly a violation of § 16. To the extent that § 49 imposes more severe punishment than § 86F, it is consistent with our analysis today. Section 49 applies to work release programs in State correctional facilities whose inmates generally have committed more serious crimes than the inmates in houses of correction.

defendant Best was on work release at the time of his failure to return.

The Commonwealth, however, reads § 86F more narrowly than is necessary. Inferentially, an inmate on work release is subject to a general order to return to the house of correction at the end of his work shift. He is on work release from the time he leaves the prison to go to work until he returns. Section 86F applies throughout this interval.

In the present case, Best was a participant in a work release program at Hampden County house of correction. It is undisputed that on April 14, 1979, Willie Smith, a counsellor in the prerelease center, drove Best to his job at the YMCA. This establishes that he was on work release at the time of the alleged escape. It is also undisputed that Best did not return to the prison, and Best does not contend that he had any special permission that might justify his failure to return. Under the circumstances, the evidence showed that Best violated § 86F.

The construction we give § 86F seems to us to be in accordance with the expressed intent of the Legislature. Also, such a construction harmonizes the meaning of these statutes. See, e.g., *Labor Relations Comm'n v. Selectmen of Dracut*, 374 Mass. 619, 624 (1978). Further, such a construction simplifies the elements of proof of an "escape" and leaves the application of the appropriate statute to the question of sentencing and disposition.[7]

A rescript is to issue.

---

[7] Our discussion today does not foreclose the Commonwealth in an appropriate case from charging a defendant solely with a violation of § 86F. Indeed, this is the preferable practice, even though a defendant charged with escape under G. L. c. 268, § 16, can move for a bill of particulars to clarify the nature of the charge. Mass. R. Crim. P. 13 (b), 378 Mass. 872 (effective July 1, 1979).