COMMONWEALTH *vs.* ANTHONY CLAY.

No. 03-P-197.

Middlesex. September 20, 2005. - November 29, 2005.

Present: BECK, SMITH, & CYPHER, JJ.

*Escape. Words,* "Penal institution."

Evidence presented at a criminal trial, which demonstrated that the defendant
   had attempted to escape from a police station cell block, was insufficient
   to support the defendant's conviction of attempted escape from a "penal
   institution" in violation of G. L. c. 268, § 16. [216-218]

INDICTMENTS found and returned in the Superior Court Depart-
ment on December 30, 1999.

The cases were tried before *Sandra L. Hamlin,* J., and a mo-
tion for a new trial, filed on April 14, 2003, was heard by her.

*Matthew S. Robinowitz* for the defendant.

*Benjamin Bejar,* Assistant District Attorney, for the
Commonwealth.

SMITH, J. The defendant was arrested on an arrest warrant and
brought to the Cambridge police station. After being booked,
the defendant was taken to the police station cell block, which
was reached through a locked steel door and which contained
twenty-eight individual jail cells, fourteen of which were used
by the Cambridge police to hold prisoners pending their initial
court appearances. The defendant was placed in a jail cell within
the cell block. The cell door was shut and locked.

During a routine cell block check later that night, the duty of-
ficer discovered that the defendant was not in his cell. After a
search, the defendant was discovered halfway down the length
of the cell block, hiding in a two-foot gap between the top of
the cell block and the building ceiling.

On December 30, 1999, a Middlesex County grand jury

returned seven indictments against the defendant, including three narcotics violations, three corresponding school zone violations, and a charge of escape or attempted escape. Before trial, the Commonwealth filed a notice of nolle prosequi on one of the narcotics charges and its corresponding school zone charge.

After a jury trial, the defendant was found guilty of trafficking in cocaine, the corresponding school zone violation, the lesser-included offense of possession of heroin, and attempted escape.

The defendant filed a timely appeal, and his motion to stay the appeal was allowed pending the filing of a motion for a new trial. The defendant filed a motion for a new trial claiming ineffectiveness of trial counsel, among other things. The defendant also filed a motion for discovery. Later, the defendant filed an amended motion for a new trial, raising two additional claims. After a nonevidentiary hearing, the motions were denied by the trial judge in a memorandum of decision. The defendant filed a timely notice of appeal from the denial of his new trial motion. That appeal was docketed in the Appeals Court and consolidated with the defendant's direct appeal.

1. *Attempted escape conviction.* The defendant claims there was insufficient evidence to convict him of attempted escape, because a police station cell block is not a penal institution as required by G. L. c. 268, § 16, the escape statute.

General Laws c. 268, § 16, as appearing in St. 1993, c. 376, states in pertinent part as follows:

> "A prisoner of any penal institution including a prisoner who is held in custody for a court appearance or . . . a prisoner committed to any jail or correctional institution under a lawful order of a court, who escapes or attempts to escape from any such institution . . . or from any courthouse . . . or from the custody of any officer thereof while being conveyed to or from said institution . . . shall be punished. . . ."

The statute does not define "penal institution," but that term is defined by G. L. c. 125, § 1(*k*), as appearing in St. 1972, c. 777, § 8, as a "correctional facility." A "correctional facil-

ity" is further defined as "any building, enclosure, space or structure used for the custody, control and rehabilitation of committed offenders *and* of such other persons as may be placed in custody therein in accordance with law" (emphasis added). G. L. c. 125, § 1(*d*), as appearing in St. 1972, c. 777, § 8.

The use of the term "and" in this definition is significant and can only be read to require that the facility must, at a minimum, maintain custody or control over *committed* offenders in order to qualify as a penal institution.[1] Therefore, although a facility may also house a variety of other prisoners such as those who are held on bail, under an arrest warrant, in protective custody, or in other forms of custody, it is the ability and the authority of the facility to house or care for committed prisoners that determines whether it is a "penal institution" for purposes of escape. Because a cell block in a police station is only intended to hold prisoners who have not yet been committed to a correctional facility, it does not qualify as a penal institution. Rather, it appears that the defendant was held in a police lockup, as established in accordance with the city's obligations under G. L. c. 40, § 34.[2]

While appellate courts have "gone far to extend the reach of § 16 to cover a variety of situations in which a prisoner escaped while not held within a penal institution[,] . . . [i]n each of these cases, . . . there was a statute other than § 16 on which the court relied as indicating a legislative intent to treat such a

---

[1]In addition, we read the phrase "such other persons," immediately following the conjunction, as a reference to the term "committed offender" and as meaning "like" a committed offender. See Roget's New Millennium Thesaurus, v.1.1.1 (1st ed. 2005) ("such" listed among synonyms for term "like"). See also Webster's Third New Intl. Dictionary 2283 (2002), defining "such" as "of the same class, type, or sort: in the same category: similar."

[2]General Laws c. 40, § 34, as amended through St. 1985, c. 240, provides:

"Each town containing more than five thousand inhabitants shall, and any town may, maintain a secure and convenient lockup to which persons arrested without a warrant may be committed; and a magistrate may commit, for further examination, a prisoner charged with a bailable offence and not recognizing, to the lockup in the town where the prisoner was arrested or to the lockup in a town where the court is held, if he considers it safe and commodious and that expense may be saved thereby. If a town neglects to provide and maintain a lockup as herein required, it shall forfeit ten dollars for each month during which such neglect continues."

prisoner as nevertheless constructively within a penal institution." *Commonwealth* v. *Boone*, 394 Mass. 851, 854-855 (1985), citing *Commonwealth* v. *Hughes*, 364 Mass. 426, 429 (1973); *Commonwealth* v. *Reed*, 364 Mass. 545, 548 (1974); and *Commonwealth* v. *Best*, 381 Mass. 60, 63 (1980).[3] Here, there is no such legislative intent evident in another statute. Moreover, the court must consider the longstanding principle that criminal statutes must be strictly construed. *Commonwealth* v. *Wotan*, 422 Mass. 740, 742 (1996). Defining a police station or holding cells within that facility as a penal institution is beyond the statute's rational limits. While there is no doubt "that the law should provide a penalty for what the defendant did," it appears that "[n]o statute, or combination of statutes, however, does so." *Commonwealth* v. *Boone*, 394 Mass. at 856. The Legislature may wish to enact a statute that includes the conduct that occurred here. *Ibid.*

We hold that on this record, the evidence was insufficient to establish that the defendant attempted to escape from a penal institution.[4]

2. *Other issues.* We have considered the other arguments raised by the defendant, and they are without merit.

The judgment on the attempted escape charge is reversed, the verdict thereon is set aside, and that indictment is to be dismissed. The remaining judgments are affirmed. The order denying the motion for new trial is affirmed.

*So ordered.*

---

[3]In *Commonwealth* v. *Hughes*, 364 Mass. at 429-430, the court construed language in G. L. c. 127, § 90A, sufficient to support a finding that a prisoner who fails to return from a furlough is guilty of an escape pursuant to G. L. c. 268, § 16. In *Commonwealth* v. *Reed*, 364 Mass. at 548, two prisoners sentenced to M.C.I., Framingham, had been transferred to Westborough State Hospital and left the hospital without authorization. The court relied on G. L. c. 127, § 119, to hold that the prisoners could properly be convicted of escape. In *Commonwealth* v. *Best*, 381 Mass. at 63, the court upheld a conviction for escape where a prisoner was participating in a work release program under G. L. c. 127, § 86F.

[4]Because of our decision, we need not consider the defendant's challenge to the judge's instructions on the crime of escape or attempted escape.