COMMONWEALTH VS. ISHMAEL SHAHEED.

No. 09-P-239.

Plymouth. January 14, 2010. - April 14, 2010.

Present: McHUGH, GREEN, & FECTEAU, JJ.

*Assault and Battery on Correctional Officer. Practice, Civil,* Commitment of mentally ill person. *Statute,* Construction. *Words,* "Prisoner," "Correctional institution."

This court reversed the defendant's conviction of assault and battery on a correction officer, in violation of G. L. c. 127, § 38B, and remanded the matter for resentencing on the lesser included offense of assault and battery, where the defendant (who, after the expiration of his sentence to a house of correction, had been determined to be a mentally ill person who required the strict custody of Bridgewater State Hospital [hospital]) was not a "prisoner" within the meaning of the statute at the time of the assault on a correction officer assigned to the hospital, and where the hospital was not a "correctional institution" within the meaning of the statute, notwithstanding its status as part of the Massachusetts Correctional Institution, Bridgewater. [599-602]

INDICTMENT found and returned in the Superior Court Department on June 1, 2007.

The case was heard by *Jeffrey A. Locke,* J.

*Debra S. Krupp,* Committee for Public Counsel Services, for the defendant.

*Kristin Freeman,* Assistant District Attorney, for the Commonwealth.

FECTEAU, J. The defendant appeals from a conviction following a jury-waived trial in the Superior Court for assault and battery upon a correction officer, in violation of G. L. c. 127, § 38B.[1] The parties agree on the essential facts of the case.

---

[1]General Laws c. 127, § 38B, as amended by St. 1992, c. 323, states, in relevant part: "[a] prisoner in any jail or house of correction, or in any correctional institution of the [C]ommonwealth who commits an assault or an assault and battery upon an officer, guard or other employee of any jail, house

Prior to November 17, 2006, the defendant was confined to the Suffolk County house of correction. At that time, he was found to be a person confined in a place of detention in need of hospitalization by reason of mental illness. G. L. c. 123, § 18(a). He was committed to Bridgewater State Hospital on November 17, 2006. His sentence to the house of correction expired on March 13, 2007.

When his sentence expired, the defendant was determined to be a mentally ill person who required the strict custody of Bridgewater State Hospital and who would not receive similar care at any other Department of Mental Health facility. G. L. c. 123, §§ 7, 8. He continued to be held at Bridgewater State Hospital.[2] On May 8, 2007, the defendant committed an assault and battery on a correction officer employed by the Department of Correction and assigned to Bridgewater State Hospital. He was prosecuted pursuant to G. L. c. 127, § 38B, for committing an assault and battery on a correction officer.

The issue on appeal is whether the defendant was a prisoner within the definition of the statute at the time of the assault. He contends that as a patient of the Bridgewater State Hospital under a civil commitment at the time of the assault he was not a "prisoner" for purposes of prosecution pursuant to G. L. c. 127, § 38B. We agree.

*Discussion.* The statute prohibits a "prisoner" from assaulting or battering an "officer, guard or other employee of any jail, house of correction or correctional institution" of the Commonwealth. G. L. c. 127, § 38B. The Commonwealth urges us to apply the statutory definition of "prisoner." It argues that the defendant is "a committed offender and such other person as is placed in custody in a correctional facility [Bridgewater State Hospital, a part of Massachusetts Correctional Institution,

of correction or correctional institution or upon any duly authorized officer, guard or other employee of any such jail, house of correction or correctional institution engaged in the transportation of a prisoner for lawful reasons shall be punished by imprisonment in the state prison for not more than ten years. Such sentence shall begin from and after all sentences currently outstanding and unserved at the time of said assault or assault and battery."

[2]The record shows that the defendant has been committed on several previous occasions to Bridgewater State Hospital, most frequently under G. L. c. 123, §§ 15(b) and 18(a).

Bridgewater (MCI)] in accordance with law," G. L. c. 125, § 1(*m*), and, thus, that he is a prisoner within the definition of the statute and subject to the penalty for assault and battery on a correction officer.

In *Commonwealth* v. *Gillis*, 448 Mass. 354, 360 (2007), the court held that persons committed to Bridgewater State Hospital under G. L. c. 123, §§ 7 and 8, who have completed a criminal sentence and have no pending charges, are not "prisoners" for purposes of a petition to determine whether that person is a sexually dangerous person pursuant to G. L. c. 123A. The reasoning of *Gillis* is persuasive in this case. The *Gillis* court determined that because G. L. c. 123A affects the defendant's liberty interests, the statute's language must be strictly construed. See *Gillis*, *supra* at 357, quoting from *Commonwealth* v. *Beck*, 187 Mass. 15, 17 (1904) ("[l]aws in derogation of the liberty or general rights, of the citizen . . . are to be strictly construed").

In the present case, "[w]e are required by ordinary rules of statutory construction to construe any criminal statute strictly against the Commonwealth." *Commonwealth* v. *Wotan*, 422 Mass. 740, 742 (1996), quoting from *Commonwealth* v. *Gagnon*, 387 Mass. 567, 569, *S.C.*, 387 Mass. 768 (1982), cert. denied, 461 U.S. 921, and cert. denied, 464 U.S. 815 (1983). Therefore, as in *Gillis*, unless the statute "plainly and unambiguously" provides a definition otherwise, "[w]ords and phrases shall be construed according to the common and approved usage of the language . . . ." *Gillis*, *supra* at 358. There, the court refused to apply the broader statutory definition of "prisoner" as contained in G. L. c. 125, § 1(*m*), to a person who was a civilly-committed patient at Bridgewater for the purposes of G. L. c. 123A.

As in *Gillis*, *supra*, G. L. c. 127 does not plainly and unambiguously define the word "prisoner." Therefore, we must narrowly construe § 38B, and this "requires a construction of 'prisoner' that is no broader than its ordinary usage." *Gillis*, *supra* at 359. The court in *Gillis* held that "[t]he word 'prisoner,' in its 'common and approved usage,' refers to an individual who is either serving a criminal sentence or awaiting trial." *Id.* at 358-359. See *Commonwealth* v. *Allen*, 73 Mass. App. Ct. 862, 864 (2009) ("The fact that a person is in State custody is not enough to make him a 'prisoner' within the meaning of

[G. L. c. 123A,] § 12([b])"). Here, the defendant was not a "prisoner" as defined above; he was a patient of a mental health facility at MCI, Bridgewater, he had served his sentence, and he was not awaiting trial for any criminal activity.

The Commonwealth's contention also fails to consider the narrow construction that we must apply to the meaning of the phrase "correctional institution."[3] A psychiatric hospital, including Bridgewater State Hospital, notwithstanding its status as a part of the MCI, Bridgewater, is a facility for the treatment of mentally ill male patients who require a level of security that will prevent harm to the patient or others. See G. L. c. 123, § 7(b). As in *Gillis*, the Legislature could not have intended a patient's prosecution "to turn on the fortuity of where an individual is placed, and we do not interpret statutes so as to produce an illogical result." *Id.* at 360, citing *ROPT Ltd. Partnership* v. *Katin*, 431 Mass. 601, 603 (2000). It would be anomalous to subject a mentally ill patient to more severe sanctions for assault based on the fortuity of the particular State hospital in which he is being treated. Accordingly, we will not make an exception for patients at Bridgewater State Hospital solely because it has been designed as a part of MCI, Bridgewater, and under the control of the Department of Correction. See *Commonwealth* v. *Clay*, 65 Mass. App. Ct. 215, 217 (2005) (holding cells in a police station are not a "penal institution" for purposes of prisoner escape statute).

We view the defendant's situation herein, as a civilly committed patient at Bridgewater State Hospital, to come within the scope of the court's observation in *Gillis* that "the Commonwealth's definition would make any mentally ill person placed at Bridgewater State Hospital a 'prisoner.' " *Gillis, supra* at 360. We see no significant difference between the Commonwealth's petition under G. L. c. 123A in *Gillis* and the Commonwealth's prosecution of a similarly situated patient under the provisions of G. L. c. 127, § 38B.[4]

---

[3]The Commonwealth further points to statutory language that defines a State correctional facility as "any correctional facility owned, operated, administered or subject to the control of the [D]epartment of [C]orrection, including but not limited to: . . . Massachusetts Correctional Institution, Bridgewater." G. L. c. 125, § 1(n).

[4]We are not persuaded that our decision here may create the appearance of an anomaly with respect to prosecution of assaultive behavior in Bridgewater

The assault at Bridgewater State Hospital followed the expiration of the defendant's sentence. He was no longer a prisoner, but rather was a person under civil commitment to Bridgewater State Hospital. We reverse so much of the judgment that determined the defendant was a prisoner in a correctional institution within the definition of the statute. That part of the judgment that finds the defendant guilty of assault and battery is affirmed. The matter is remanded for sentencing consistent with the lesser included offense of assault and battery.[5]

*So ordered.*

---

State Hospital. Sanctions ought to be determined based upon the nature of the offender rather than the location of the offense. It should not be unexpected that a prisoner serving a sentence would be exposed to a harsher penalty than a civilly committed patient. In any event, as the court in *Gillis* observed: "if this conclusion does not reflect the mind of the Legislature, it is free to change the law . . . ." *Gillis, supra* at 364, quoting from *Nei* v. *Burley*, 388 Mass. 307, 315 (1983).

[5]The defendant concedes that he might have been prosecuted under G. L. c. 265, § 13D, which applies to a civilian who assaults or batters any public employee. The elements of that crime are such that it is not a lesser included offense of G. L. c. 127, § 38B.