RUTH J. RUBIN *vs.* HERBERT ERWIN RUBIN. May 7, 1976. On March 5, 1974, a decree nisi was entered by a judge of the Probate Court for Worcester County which provided that the petitioner (wife) shall have custody of the two minor children; that the respondent (husband) shall have visitation rights and make payments for the support of his wife and two children; that the real estate owned by the parties, consisting of a marital home located in Worcester, Massachusetts, shall be sold and the proceeds shall be divided equally between the parties; and that the wife shall reside in the Commonwealth within forty-five miles of Worcester. On May 30, 1974, the wife petitioned for a modification of the original decree so as to be allowed to move with her children to New York City, where her ailing mother lives. The decree was modified to permit the wife to remove the children from the Commonwealth only with the permission of the husband or on order of the court. In addition, although the wife had not petitioned for such a modification, the judge ordered the husband to pay all the mortgage payments and expenses for cutting the grass until the marital home is sold, at which time he is to be reimbursed for these payments from the proceeds of the sale. The wife appeals from this modification decree. The evidence, including testimony given by the wife, her mother, and two doctors at a contested hearing, and an investigative report prepared by the Family Service Department of the Probate Court is reported, but there is no report of material facts. Although the evidence is conflicting, we do not believe that the judge below was plainly wrong in refusing to allow the wife to move with the children outside the Commonwealth. See *Keiter* v. *Keiter,* 357 Mass. 772, 773 (1970); *Grandell* v. *Short,* 317 Mass. 605, 608 (1945); *Hersey* v. *Hersey,* 271 Mass. 545, 554 (1930). In light of the evidence, the judge could properly find that such removal was not in the best interests of the children, and, therefore, that cause had not been shown as required by c. 208, § 30. We are also of opinion that the judge was justified in modifying the original decree so as to require the husband to make the mortgage payments and to pay for the cutting of the grass and to order that he be reimbursed from the proceeds of the sale of the house. The judge

could have found that, because the house had not been sold by the time specified in the original decree, there were sufficient changed circumstances to warrant the modification. Lastly, we conclude that no constitutional rights of the wife have been infringed by the modification decree. See *Gallup* v. *Gallup,* 271 Mass. 252, 258 (1930).

*Decree affirmed.*

*Costs and expenses of appeal may be awarded in the discretion of the Probate Court.*

*Edward P. Reardon* for the petitioner.
*Michael P. Angelini* for the respondent.