JOAN E. HARRIS vs. EUGENE L. SANNELLA.

Worcester. February 4, 1987. — July 7, 1987.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Divorce and Separation,* Modification of judgment. *Probate Court,* Jurisdiction. *Jurisdiction,* Probate Court, Modification of divorce judgment.

On a motion by a wife pursuant to Mass. R. Dom. Rel. P. 60 (b) (4) seeking to vacate as void a judgment of modification entered after final judgment in a divorce proceeding, which awarded her husband the marital home in accordance with her previously expressed desire to surrender to him all her rights in the home under the divorce decree, the judge did not err in denying her relief from judgment, where the wife had failed either to appeal from the judgment of modification, or to seek to amend it, and where, despite the wife's claim, clearly the judge had subject matter jurisdiction to grant equitable relief in a controversy over property between divorced persons after the divorce decree became final. [394-396]

COMPLAINT for divorce filed in the Worcester Division of the Probate and Family Court Department on December 2, 1981.

A complaint for contempt filed on March 23, 1983, was heard by *Francis W. Conlin, J.,* and a motion to vacate a judgment of modification was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Roger J. Brunelle* for the plaintiff.
*Alfred A. Macchi* for the defendant.

LIACOS, J. Joan E. Harris (wife) appealed from a probate judge's denial of two motions to vacate judgments entered in connection with her divorce from Eugene L. Sannella (husband). Their marriage had been dissolved by a judgment of divorce nisi granted to the wife on the grounds of cruel and abusive treatment. Incorporated into, and made a part of, the

judgment was a stipulation signed by the parties regarding division of the marital assets. The stipulation provided, inter alia, that (1) the marital home be sold "as soon as practicable" at not less than fair market value; (2) the proceeds from the sale would be used to satisfy certain creditors of the parties, including the plaintiff's parents who were allegedly owed $20,000, the remainder divided equally between the husband and wife; and (3) in the interim, the wife would be responsible for mortgage payments. Entered on March 26, 1982, the judgment became final on September 26, 1982.

In March, 1983, the wife filed a complaint for contempt. She alleged that the husband had refused to sign an offer to purchase the marital home at a fair market price. The husband's answer denied the allegation. He also brought two counterclaims against the wife. In the first, he sought to have the wife adjudicated in contempt because she had violated the order of the court by failing to make the requisite mortgage payments and by failing to return various articles of his personal property. In the second counterclaim, he sought additional orders including modifications pertaining to possession of the marital home and the allocation of the equity in it.

On May 26, 1983, after hearing, a probate judge entered a judgment of contempt which granted the husband possession of the home and all proceeds exceeding $68,000 from its sale. Proceeds of the sale were to be held by the husband subject to the court's approval of their disbursement. The wife's contempt complaint was continued for further hearing on September 15, 1983.

On August 19, 1983, the wife executed three letters addressed "To Whom it May Concern," stating that (1) she was surrendering all her rights in the marital home to the husband; (2) the alleged debt of $20,000 owed to her parents was not a loan to the husband and wife, as previously claimed; and (3) she was dismissing her attorney of record. On August 31, 1983, the wife advised the husband's attorney by letter that she was turning over to the husband all her rights under the divorce decree. She also stated that, as of August 19, 1983,

she would not appear in court for any reason relating to her divorce.[1]

On September 15, 1983, a hearing was held on the contempt complaints and counterclaims. The wife failed to appear in court; nor did counsel appear for her. The judge, "acting in reliance on the [wife's] letter to [the husband's attorney] and [on] her failure to attend said hearing, ordered that the divorce judgment be modified" as follows: "The [wife] waives all claims against the [husband] and waives any claim on any proceeds from sale of [the marital home]; the [wife] by letter dated August 31, 1983 says she wants the [husband] to have [the] real estate in question and has no interest in it. In all other respects the original Judgment shall remain in full force and effect." The judge issued his order in the form of a judgment of modification. The wife did not appeal, or move to alter or amend, either this judgment or the judgment of contempt. Mass. R. Dom. Rel. P. 59 (e).

In August, 1985, new counsel appeared for the wife. He filed motions to vacate the judgment of modification and to vacate the judgment of contempt, both pursuant to Mass. R. Dom. Rel. P. 60 (b) (4). The judge found "no evidence of any change of circumstance" and, after hearing, denied both motions.

The sole issue before us is whether the probate judge erred in his denial of the wife's motion to vacate the judgment of modification.[2] Although she took no appeal, she now claims that it was error to deny her motion to vacate because the probate judge lacked subject matter jurisdiction to modify the division of the parties' marital assets pursuant to the original judgment of divorce. Thus, she asserts that the judgment of modification was void. See Mass. R. Dom. Rel. P. 60 (b) (4).

---

[1] There was no claim raised before the probate judge that the wife's letters were not authentic, that the wife did not understand the effect of her acts, or that the letters were procured by fraud or coercion. Counsel for the wife in the present appeal does not assert any such claim.

[2] While the wife's brief challenges the probate judge's denial of her motion to vacate his order of contempt, she acknowledges that that order is not final, and consequently its appeal is not properly before this court. In the view we take, we need not consider this issue.

"Properly applied Rule 60 (b) strikes a balance between serving the ends of justice and perserving the finality of judgments . . . . The Rule may not be used as a substitute for a timely appeal." (Citations omitted.) *Nemaizer* v. *Baker,* 793 F.2d 58, 61 (2d Cir. 1986). The First Circuit Court of Appeals, in reversing the allowance of a motion to vacate under Fed. R. Civ. P. 60 (b) (4), has stated that "[a] void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed." *Lubben* v. *Selective Serv. Sys.,* 453 F.2d 645, 649 (1st Cir. 1972).

A judgment is void if the court from which it issues lacked jurisdiction over the parties, lacked jurisdiction over the subject matter, or failed to provide due process of law. *United States* v. *119.67 Acres of Land,* 663 F.2d 1328, 1331 (5th Cir. 1981). See 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2862, at 198-200 (1973). "While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction, and an error in that determination will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void." *Lubben* v. *Selective Serv. Sys., supra.* See *Nemaizer* v. *Baker, supra* at 65. "An error in interpreting a statutory grant of jurisdiction is not . . . equivalent to acting with total want of jurisdiction and does nor render the judgment a complete nullity." *Hooks* v. *Hooks,* 771 F.2d 935, 950 (6th Cir. 1985), quoting *Jones* v. *Giles,* 741 F.2d 245, 248 (9th Cir. 1984). See also *Honneus* v. *Donovan,* 691 F.2d 1, 2-3 (1st Cir. 1982) (per curiam) (erroneous assumption of diversity jurisdiction renders judgment erroneous, subject to reversal on direct appeal, but not void, thus precluding rule 60[b] [4] relief); *Kansas City S. Ry.* v. *Great Lakes Carbon Corp.,* 624 F.2d 822, 825 (8th Cir.) (en banc) (rule 60[b] [4] relief is appropriate only "where there is a plain usurpation of power"), cert. denied, 449 U.S. 955 (1980).

In the present case, there can be no serious argument that the probate judge "usurped jurisdiction" in the sense that there is "no arguable basis on which it could have rested a finding that [he] had jurisdiction." *Nemaizer* v. *Baker, supra.* We have stated that "Probate Courts have plenary equity jurisdiction in controversies over property between husband and wife in divorce or separate support proceedings or between divorced persons." *DuMont* v. *Godbey,* 382 Mass. 234, 236 (1981). See G. L. c. 208, § 33 (1984 ed.); G. L. c. 209, § 33 (1984 ed.); G. L. c. 215, § 6 (1984 ed.). In *Wood* v. *Wood,* 369 Mass. 665, 666 (1976), we upheld plenary equitable jurisdiction of Probate Courts after the divorce decree has become absolute to grant equitable relief in controversies over property between persons who have been divorced pursuant to G. L. c. 215, § 6.[3]

If the wife had a quarrel with the judge's order of modification, she could have appealed it. This she did not do. We adhere to "[o]ur most recently expressed view . . . that rule 60 (b) does not provide an avenue for challenging supposed legal errors . . . ." *Bromfield* v. *Commonwealth, ante* 254, 257 (1987), citing *Pentucket Manor Chronic Hosp.* v. *Rate Setting Comm'n,* 394 Mass. 233, 236-237 (1985).

*Order denying motions affirmed.*

---

[3] To bolster her claim on appeal, the wife stresses the distinction between modification of agreements regarding alimony or child support as opposed to agreements regarding marital property. While it is generally true that, "[u]nlike alimony, a property settlement is not subject to modification," *Drapek* v. *Drapek,* 399 Mass. 240, 244 (1987), misapplication of such a rule would constitute appealable error rather than voidable lack of subject matter jurisdiction. See *Slaughter* v. *McVey,* 20 Mass. App. Ct. 768, 772 (1985) (judge may vacate final judgment of divorce where it "either failed to reflect the parties' understanding or . . . might have been unfair and unreasonable from the outset"); *Maze* v. *Mihalovich,* 7 Mass. App. Ct. 323 (1979) (property division may be made after divorce where not previously made); *Rubin* v. *Rubin,* 370 Mass. 857, 858 (1976) (modification of judgment allowed where property ordered to be sold had not been sold).