Curtin, J.
This is a Dist/Mun. Cts. R A D. A, Rule 8C, appeal by the defendants of the denial of their motion to vacate a summary process default judgment.
On September 27,1997, defendant-tenant Nardone Enterprises, Inc. executed a written lease with plaintiff-landlord Cummings Properties, LLC (“Cummings”) for commercial premises at 6J Gill Street in Woburn, Massachusetts. The lease was for a five year term ending October 14, 2004. Defendant Joseph Nardone (“Nar-done”) signed a personal guaranty of the lease.
Seven months into the lease term, Nardone notified Cummings by letter dated May 12,2000 that he was relocating to New Jersey because of a family emergency, that he was vacating the leased premises, and that he was tendering as a sublessee another Cummings’ tenant who occupied the space next door and wanted to expand into the leased premises. Cummings rejected Nardone’s sublease proposal.
After the defendants Med to pay the July, 2000 rent, Cummings filed this summary process action on August 14, 2000. The complaint sought possession of the commercial premises, rent in the amount of $1,523.00 for July, and additional damages of $80,851.13 for the remaining fifty-one (51) months of the lease term pursuant to an accelerated rent clause in the lease. Cummings served the two defendants with summonses and copies of the complaint at both their former business address in Woburn and at their new address in New Jersey. Nardone received service in New Jersey, as was evidenced by his signatures on certified mail/return receipt cards. Despite proper service and actual notice of the scheduled trial date, Nardone Med to appear and both defendants were deMlted at the call of the list on August 24,2000.
Judgment for possession and damages in the total amount of $80,961.13 was entered in favor of Cummings on August 28, 2000. Notice of the entry of that default judgment was not, however, mailed to the defendants in New Jersey. Notice of judgment was instead forwarded to an incorrect Wakefield, Massachusetts address which Cummings had listed as the defendants’ address on the summons and complaipt it prepared and filed. The judgment notice was never received by the defendants, and was in fact returned to the trial court with the notation “Not at this address. Return to send [sic]. (Moved over 10 yrs. ago).” Execution was issued on September 18,2000.
On February 21,2001, six months after default judgment entry, Nardone sent a pro se letter to the trial court claiming (falsely) that he had never received service *104 or been notified of Cummings’ summary process action. He requested the court “to set aside the judgment until such time” as he was properly served with the complaint[2] An additional six months elapsed before the defendants, by then represented by counsel, filed a Mass. R. Civ. R, Rule 60(b), motion for relief from judgment on August 23, 2001. The motion was denied after hearing, and this appeal followed.
The gravamen of the defendants’ Rule 60(b) request for relief is that the default judgment was not properly entered against them and they were deprived of notice of that judgment because of the trial court clerk’s failure to comply with Uniform Summary Process Rule 10(d) (iii). The Rule states:
The clerk shall review the documents filed with the court No judgment by default shall enter against any defendant where it appears from such review that the summons was not properly completed, served or returned, that the complaint was not property completed or served, or that the other documents required to be filed with the court pursuant to Rule 2 (d) have not been filed [emphasis supplied].”
Specifically, the defendants argue: 1) that the summons and complaint “were not properly completed” because Cummings listed a false Wakefield address for the defendants on those documents; 2) the trial court clerk should have reviewed those case papers in compliance with Rule 10(d) (iii), and would have thereby discovered the discrepancy between the defendants’ New Jersey address on the return of service and military affidavit and the false Wakefield address on the summons and complaint; and 3) pursuant to Rule 10(d) (iii), the clerk should have then either refused to enter the default judgment, or at least mailed notice of that judgment to the defendants’ correct New Jersey address where they had been served.
1. The defendants were not entitled to Rule 60(b) (4) relief because the default judgment entered against them was not void. “In the interest of finality, the concept of void judgments is narrowly construed.” Harris v. Sannella, 400 Mass. 392, 395 (1987), quoting from Lubben v. Selective Serv. Sys., 453 F.2d 645, 649 (1st Cir. 1972). See also McCracken v. Sears, Roebuck & Co., 51 Mass. App. Ct. 184, 189 (2001). “A judgment is void only if ‘the court from which it issues lacked jurisdiction over the parties, jurisdiction over the subject matter or failed to provide due process of law.’” The Cadle Co. v. Rowe, 2000 Mass. App. Div. 49, 50, quoting from Harris v. Sannella, supra at 395.
Given the proper service of process on the defendants herein, the trial court obviously had personal jurisdiction over the parties. Nor did the defendants suffer any deprivation of due process which rendered the default judgment a nullity. They were served with a copy of Cummings’ summary process complaint, which clearly set forth the nature and basis of the action against them, the form of recovery and amount of damages sought by Cummings, and the date, time and place of the scheduled trial. The defendants do not, and could not reasonably, claim that the misstatement of their own address on the summons and complaint was in any way confusing to them, or that said misstatement obscured the actual notice and specific information about the case and forthcoming trial which were provided by the summons and complaint
There is no existing case authority interpreting Uniform Summary Process *105 Rule 10(d) (iii). We conclude that, contrary to the defendants’ suggestion, the Rule cannot be reasonably construed as voiding an otherwise valid default judgment issued after proper service and actual notice to a defendant-tenant With its specific focus on the proper completion and service of the summons and complaint, Rule 10(d) (iii) in fact appears intended to preserve due process safeguards by precluding the entry of a default judgment only in those instances where the defendant has not been given the notice and opportunity to be heard which a proper summons and complaint are customarily designed to afford. In short, there is nothing in Rule 10(d) (iii) which entitled the defendants in this case to relief from judgment pursuant to Mass. R Civ. E, Rule 60(b) (4).
2. There was also no error in the denial of the defendants’ motion to vacate judgment under Rule 60(b)(6), which was addressed solely to the discretion of the motion judge. Parrell v. Keenan, 389 Mass. 809, 815 (1983); Sarin v. Ochsner, 48 Mass. App. Ct. 421, 422 n.3 (2000).
The relief available under Rule 60(b) (6) is “extremely meagre in scope,” Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983), and is to be granted only in extraordinary or compelling circumstances, Sahin v. Sahin, 435 Mass. 396, 406 (2001); Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 188 (1990), where relief from judgment is essential to “accomplish justice.” Rezendes v. Rezendes, 46 Mass. App. Ct. 438, 440-441 (1999). The defendants complain that relief from judgment is required because they were deprived of their right to appeal the default judgment due to a lack of notice of its entry. They argue that lack of notice of judgment resulted from the “extraordinary” circumstances of Cummings’ inclusion of the false Wakefield address in the summons and complaint the trial court clerk’s failure to review the case papers and to detect the inconsistency in the addresses provided for the defendants, and the clerk’s mailing of notice of judgment to the wrong address.
The motion judge may have reasonably concluded, however, that the defendants’ predicament resulted instead from their own decision to ignore Cummings’ summary process action against them despite their receiving timely service and notice of a trial date. The defendants had to have contemplated the probability that their failure to appear at trial and to present any defense to Cummings’ suit would ultimately lead to the entry of judgment against them. Yet the defendants made no timely effort to inquire about the status of the case or to determine its outcome. See Brown v. Quinn, 406 Mass. 641, 644 (1990). As Rule 60(b) (6) provides no relief for deliberate or calculated choices, see generally Bromfield v. Commonwealth, 400 Mass. 254, 256 (1987); Freitas v. Freitas, 26 Mass. App. Ct. 196, 198 (1988), there was no abuse of discretion in the denial of the defendants’ motion.
Appeal dismissed.
So ordered.

 Cummings suggested in the trial court and in its brief to this Division that Nar-done’s sudden interest in the action in February of 2001 was undoubtedly prompted by Cummings’ commencement of collection proceedings against Nar-done in New Jersey and its attachment of Nardone’s bank account