NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

21-P-1167                                        Appeals Court

JAMES B. BIGELOW  vs.  REEM PROPERTY, LLC.

No. 21-P-1167.

Suffolk.     January 17, 2023. – May 12, 2023.

Present:  Massing, Sacks, & Walsh, JJ.

Mortgage, Foreclosure.  Real Property, Foreclosure of tax title, Record title.  Practice, Civil, Standing, Relief from judgment, Summary process.  Summary Process.  Judgment, Preclusive effect.  Res Judicata.  Forgery.

Civil action commenced in the Land Court Department on July 9, 2019.

The case was heard by Michael D. Vhay, J., on a motion for summary judgment; a motion for reconsideration was considered by him; and a motion for relief from judgment, filed on August 16, 2021, also was considered by him."

James B. Bigelow, pro se.
David B. Summer for the defendant.
Grace C. Ross, pro se, amicus curiae, submitted a brief.

SACKS, J.  After the plaintiff James B. Bigelow's home

mortgage was foreclosed upon, and the purchaser at the

foreclosure auction -- the defendant Reem Property, LLC (Reem)

-- obtained a summary process judgment for possession against Bigelow, he filed this try title action in the Land Court, contending that the foreclosure was void.  A Land Court judge ordered summary judgment for Reem, concluding that the preclusive effect of the summary process judgment made it impossible for Bigelow to establish standing to assert his try title claim.  Bigelow now appeals, arguing that the judge erred by giving the summary process judgment preclusive effect, that the summary process judgment was in any event void and thus entitled to no preclusive effect, and that summary judgment was an impermissible procedure through which to determine Bigelow's standing.  We affirm.[1]

Background.  For present purposes this matter had its genesis in 2015 when Wells Fargo Bank, N.A., foreclosed on its mortgage securing Bigelow's real property in Oxford.  Reem was the high bidder at auction, recorded its foreclosure deed, and then served Bigelow with a notice to quit.  Bigelow did not vacate and so, in 2016, Reem commenced a summary process action in the Housing Court.  Bigelow defended on the ground, asserted in his answer and counterclaim for declaratory relief, that Reem's title was invalid and the foreclosure deed was void

---

[1] We acknowledge the amicus brief submitted by Grace C. Ross.

because of "defects in the foreclosure process and foreclosure sale," including that "certain assignments . . . were fraudulent."  A Housing Court judge disagreed and ordered summary judgment awarding possession to Reem.[2]  A panel of this court affirmed.  See Reem Property, LLC v. Bigelow, 94 Mass. App. Ct. 1122 (2019) (Bigelow I).  The Supreme Judicial Court denied further appellate review.  See 482 Mass. 1102 (2019).

Soon after the Bigelow I rescript issued, Bigelow filed in the Housing Court a motion for relief from judgment under Mass. R. Civ. P. 60 (b) (4) and (6), 365 Mass. 828 (1974).  In that motion, Bigelow argued that Reem's title rested on a foreclosure deed and a related power of attorney that were forged, that the forgeries meant Reem lacked standing, that the Housing Court thus lacked subject matter jurisdiction, and that the summary process judgment was therefore void.  A Housing Court judge denied the motion.  Bigelow did not appeal.

Instead, in 2019, Bigelow filed this try title action in the Land Court, see G. L. c. 240, §§ 1-5, asserting that Reem's foreclosure deed and the related power of attorney were forged and thus that Bigelow's title was superior to whatever interest Reem held.  On Reem's motion for summary judgment, a Land Court

---

[2] We take judicial notice of Bigelow's answer and counterclaim and other documents filed in the summary process case.  See Jarosz v. Palmer, 436 Mass. 526, 530 (2002).

judge dismissed the action for lack of standing.  The judge reasoned that the summary process judgment precluded Bigelow from showing -- as he had to in order to establish his record title and thus standing -- that the foreclosure was invalid.  The judge denied Bigelow's motion for reconsideration, and Bigelow appealed.  The judge also denied Bigelow's subsequent motion for relief from judgment, Bigelow appealed that order, and the two appeals were consolidated here.

Discussion.  The burden was on Bigelow to show his standing to bring the try title action, including that he had record title to the property.  See G. L. c. 240, § 1; Abate v. Fremont Inv. & Loan, 470 Mass. 821, 827, 830 (2015) (standing to assert try title claim requires record title to and possession of property in question; burden is on plaintiff to show standing).  Here, this required Bigelow to show that the foreclosure deed, which conveyed record title to Reem, was invalid.  See Abate, supra at 833 (because mortgagor could not "negate the validity of the foreclosure," he "failed to demonstrate the record title required to maintain the action").  The Land Court judge ruled that, under the doctrine of claim preclusion, the summary process judgment barred Bigelow from asserting in the Land Court that the foreclosure was invalid, and, therefore, Bigelow could not establish his standing.  We affirm the resulting judgment of dismissal, although we base our decision not on claim preclusion

but on the closely related doctrine of issue preclusion.[3]  See

Rasheed v. Commissioner of Correction, 446 Mass. 463, 478 (2006)

("Where we find an adequate alternative ground on which to

affirm summary judgment, we may proceed to do so").

1.  Issue preclusion.  "The doctrine of issue preclusion

provides that when an issue has been actually litigated and

determined by a valid and final judgment, and the determination

is essential to the judgment, the determination is conclusive in

a subsequent action between the parties whether on the same or

different claim" (quotation and citation omitted).  Jarosz v.

Palmer, 436 Mass. 526, 530-531 (2002).

Here, the issue of the foreclosure's invalidity was

actually and necessarily litigated in the summary process action

---

[3] Because issue preclusion applies, we need not address
Bigelow's argument that G. L. c. 239, § 7, barred the judge from
relying on claim preclusion.  As we recently recognized, that
statute does not limit issue preclusion.  See Duross v. Scudder
Bay Capital, LLC, 96 Mass. App. Ct. 833, 839-840 (2020).  We
further note the statute's provision that a summary process
judgment "shall not be a bar to any action thereafter brought by
either party to recover the land or tenements in question"
(emphases added).  G. L. c. 239, § 7.  It is unclear that a try
title action qualifies, where a plaintiff must have possession
in order to bring a try title action in the first place.  See
Abate, 470 Mass. at 827.  See also Santos v. U.S. Bank Nat'l
Ass'n, 89 Mass. App. Ct. 687, 690, 692 (2016) (giving claim
preclusive effect to summary process judgment in subsequent
action claiming violations of Home Affordable Modification
Program guidelines and of G. L. c. 244, § 35A [a]).  Cf. G. L.
c. 237, § 5 (in action for writ of entry, successful plaintiff
may "recover the land").

between Bigelow and Reem,[4] where Bigelow asserted the foreclosure's invalidity both as a defense to Reem's claim for possession and in his counterclaim for declaratory relief.  As the Housing Court judge's summary judgment decision acknowledged, Bigelow pressed the issue in opposition to Reem's motion for summary judgment.  The Housing Court judge, by ordering judgment for Reem for possession, necessarily ruled that Bigelow had not shown the foreclosure to be invalid.[5] Bigelow pressed the issue on appeal in Bigelow I, and a panel of

---

[4] Bigelow errs in arguing that Reem made "offensive" preclusive use of the summary process judgment.  "[T]he offensive use of [issue preclusion] is a generally accepted practice in American courts, . . . and occurs when a plaintiff seeks to prevent a defendant from litigating issues which the defendant has previously litigated unsuccessfully in an action against another party" (quotation omitted; emphases added).  Bar Counsel v. Board of Bar Overseers, 420 Mass. 6, 9 (1995).  See Pierce v. Morrison Mahoney LLP, 452 Mass. 718, 730 (2008). Here, it is the defendant Reem, not the plaintiff Bigelow, that raises issue preclusion, and the parties to the two actions are identical.

[5] That the judgment did not expressly declare the foreclosure to have been valid is not dispositive.  "[T]he judgment in favor of [the plaintiff in the summary process action] could not have been given unless that issue had been found in its favor.  It could not otherwise have been found . . . that the [plaintiff there] was entitled to possession." Edwards v. Columbia Amusement Co., 215 Mass. 125, 127 (1913) (according issue preclusive effect to summary process judgment). Cf. Klimowicz v. Deutsche Bank Nat'l Trust Co., 264 F. Supp. 3d 309, 317 (D. Mass. 2017), aff'd, 907 F.3d 61 (1st Cir. 2018) (according issue preclusive effect to summary process judgment, where defendant in that action sought to litigate validity of mortgage assignment but motion to amend counterclaim for that purpose was denied).

this court affirmed the judgment.  Moreover, Bigelow later moved for relief from that judgment under Mass. R. Civ. P. 60 (b) (rule 60 [b]), but he did not appeal from the adverse ruling on that motion.  The summary process judgment's determination of the issue was conclusive on Bigelow in the Land Court try title action between the same parties.  See Jarosz, 436 Mass. at 530-531.

It makes no difference that Bigelow's evidence and arguments on this issue in the Housing Court were not strictly identical to what he advanced in the Land Court.  In the Housing Court, Bigelow asserted defects in the foreclosure process and foreclosure sale, including that certain assignments were fraudulent, whereas in the Land Court, Bigelow asserted that the foreclosure deed and a power of attorney had been forged.  In both cases, however, what Bigelow ultimately sought to establish was that the foreclosure was invalid.[6]

That a second action involves arguments or evidence differing from the previous action does not warrant an exception to issue preclusion.  See Commonwealth v. Watkins (No.1), 486 Mass. 801, 806-808 (2021) (issue preclusion barred relitigation

---

[6] The documents that Bigelow now claims were forged were available to him before judgment entered in the summary process proceedings.  We recognize his assertion that he "did not notice" the alleged forgeries "until New Year's Eve of 2018/2019," shortly before oral argument on his appeal from the summary process judgment.

of sufficiency of evidence supporting conviction, even though defendant's theory of insufficiency differed slightly from those rejected in earlier proceedings); Miles v. Aetna Cas. & Sur. Co., 412 Mass. 424, 428-429 (1992) (issue preclusion barred redetermination of damages amount, despite assertion that newly discovered evidence showed additional damages); LaRace v. Wells Fargo Bank, N.A., 99 Mass. App. Ct. 316, 323 (2021). More generally, "even if there is a lack of total identity between the issues involved in two adjudications, the overlap may be so substantial that preclusion is plainly appropriate." Commissioner of the Dep't of Employment & Training v. Dugan, 428 Mass. 138, 143 (1998), citing Restatement (Second) of Judgments § 27 comment c (1982); Martinez v. Waldstein, 89 Mass. App. Ct. 341, 348-349 (2016) (same).[7]

---

[7] Comment c to the Restatement (Second) of Judgments § 27 provides in pertinent as follows:

"An issue on which relitigation is foreclosed may be one of evidentiary fact, of 'ultimate fact' (i.e., the application of law to fact), or of law. . . . Thus, for example, if the party against whom preclusion is sought did in fact litigate an issue of ultimate fact and suffered an adverse determination, new evidentiary facts may not be brought forward to obtain a different determination of that ultimate fact. . . . And similarly if the issue was one of law, new arguments may not be presented to obtain a different determination of that issue."

Accordingly, the issue preclusive effect of the summary process judgment barred Bigelow from establishing the invalidity of the foreclosure. And because he could not "negate the validity of the foreclosure," he "failed to demonstrate the record title required to maintain the action" to try title. Abate, 470 Mass. at 833. The judge's dismissal of the try title action was therefore appropriate.

2. Whether summary process judgment is void. Bigelow nevertheless argues that even if a summary process judgment may ordinarily have preclusive effect, the summary process judgment here does not, because it is void. More specifically, Bigelow argues that if the foreclosure deed is void, then Reem lacked standing to bring the summary process action, meaning that the Housing Court judgment is void for lack of subject matter jurisdiction and thus has no preclusive effect. Bigelow further asserts that he should be permitted to attack the Housing Court's jurisdiction on this basis in the Land Court. He invokes the principle that "the jurisdiction of any court exercising authority over a subject may be inquired into in every other court, when the proceedings in the former are relied upon, and brought before the latter, by a party claiming the benefit of such proceedings." Williamson v. Berry, 49 U.S. 495, 540 (1850).

It is doubtful, to say the least, that the Housing Court judgment is "void," a concept that is "narrowly construed." Harris v. Sannella, 400 Mass. 392, 395 (1987), quoting Lubben v. Selective Serv. Sys., 453 F.2d 645, 649 (1st Cir. 1972). "A court has the power to determine its own jurisdiction, and an error in that determination will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void." Harris, supra, quoting Lubben, supra. The Housing Court's adjudication of the summary process action was in no way a "clear usurpation of power," Harris, supra; that court has jurisdiction of summary process claims generally, see G. L. c. 185C, § 3, and Reem's summary process complaint alleged that it owned the property by virtue of a foreclosure on Bigelow's mortgage. The action thus appeared to be a typical postforeclosure summary process action of the sort regularly adjudicated by the Housing Court. See Cambridge St. Realty, LLC v. Stewart, 481 Mass. 121, 127-130 (2018) (Housing Court has jurisdiction of summary process actions generally; not every element that summary process plaintiff must prove goes to plaintiff's standing or court's jurisdiction).

Moreover, although "subject matter jurisdictional issues are nonwaivable and can be raised at any time, . . . that does not mean that subject matter jurisdictional issues can always be raised in every context and in every forum." Brown v. Federal

Nat'l Mtge. Ass'n, 481 Mass. 1036, 1037 (2019).  Even if a
nonparty might later question a judgment as rendered without
subject matter jurisdiction, it remains the case that, "in
accordance with principles which also form the basis for the
familiar doctrine of res judicata[,] the judgment may, after it
becomes final, be binding upon the parties to the suit although
not upon others, and the rights of parties may therefore be
limited to appeal, writ of error, petition to vacate, or other
methods of direct attack" (citation omitted).  Harker v.
Holyoke, 390 Mass. 555, 559-560 (1983), citing, inter alia,
Restatement (Second) of Judgments § 12 (1982).[8]  In Harker, the
court held that because the Housing Court's exercise of
jurisdiction in the previous action was at least "fairly
debatable," and not "a clear and serious disregard of a
statutory allocation of power between courts," the judgment had
preclusive effect, "regardless of whether the Housing Court had

---

[8] Section 12 of the Restatement provides in pertinent part
as follows:

"When a court has rendered a judgment in a contested
action, the judgment precludes the parties from litigating
the question of the court's subject matter jurisdiction in
subsequent litigation except if:

"(1) The subject matter of the action was so plainly beyond
the court's jurisdiction that its entertaining the action
was a manifest abuse of authority."

See Cohen v. Cohen, 470 Mass. 708, 717 (2015).

subject matter jurisdiction of their controversy."  Harker,
supra at 559, 561.  See Madden v. Madden, 359 Mass. 356, 361-
362, cert. denied, 404 U.S. 854 (1971).  Here, likewise -- where
Bigelow was a party to the summary process action, raised his
forgery claim there in his rule 60 (b) motion there, and did not
appeal from the order denying that motion -- we see no reason
why the judgment should not bind him in the Land Court,
notwithstanding his claim that the Housing Court lacked
jurisdiction to render that judgment.

The place to seek relief from a judgment as void for want
of subject matter jurisdiction, see Mass. R. Civ. P. 60 (b) (4),[9]
is the issuing court.  See Air Purchases, Inc. v. Mechanical
Coordinators Corp., 21 Mass. App. Ct. 632, 633 (1986) ("where
rule 60[b] relief is sought, even if by way of an independent
action, the appropriate court is that where the judgment was
rendered").  Bigelow, in fact, availed himself of this remedy.
If the Housing Court judge abused her discretion in denying
Bigelow's rule 60 (b) motion, Bigelow's remedy was a direct
appeal to this court, not a collateral attack on the summary

---

[9] Rule 60 (b) is fully applicable in summary process actions
in the Housing Court and Superior Court.  See Rule 11 (b) of the
Uniform Summary Process Rules (1980).  Rule 60 (b) has more
limited application in summary process actions in the District
Court and Boston Municipal Court.  See Rule 11 (a) of the
Uniform Summary Process Rules.

process judgment in the Land Court.  See <u>Tompkins</u> v. <u>Tompkins</u>, 65 Mass. App. Ct. 487, 492-493 (2006).

3.  <u>Procedure for determining standing</u>.  We are unpersuaded by Bigelow's argument that the judge should not have determined his standing at the first step of the try title action. Ordinarily, a try title action involves two steps.  In the first step, "[a] petitioner must establish three jurisdictional elements . . . :  (1) that he holds 'record title' to the property; (2) that he is a person 'in possession'; and (3) the existence of an actual or possible 'adverse claim' clouding the plaintiff's record title" (citations omitted).  <u>Abate</u>, 470 Mass. at 827.  "If these requirements are satisfied, the second step requires the adverse claimant either to disclaim the relevant interest in the property or to bring an action to assert the claim in question" (quotation and citation omitted).  <u>Id</u>. at 828.

The <u>Abate</u> court recognized, however, that "[w]here . . . the determination of standing, and ultimately jurisdiction, necessarily reaches and effectively negates the merits of a petitioner's claim, the two-step procedure is not abrogated . . . [and] dismissal of a try title petition for lack of standing on a motion to dismiss is a procedural disposition we [have] expressly approved."  <u>Abate</u>, 470 Mass. at 828, citing <u>Bevilacqua</u> v. <u>Rodriguez</u>, 460 Mass. 762, 763-764 (2011).  That

was essentially the case here.  Bigelow's claim of record title, and thus his standing, was entirely dependent on his assertion that the foreclosure was invalid.  Because the summary process judgment precluded Bigelow from relitigating that issue, he could not show standing here, requiring dismissal of his claim.

The judge also proceeded properly by resolving the dispute over Bigelow's record title, and thus his standing, through a motion for summary judgment.  We recognize the statement in Abate that in a try title action, "to the extent that subject matter jurisdiction generally, or standing in particular, is raised by a respondent, the judge may consider the issue by way of a motion to dismiss under either rule 12 (b) (1) or rule 12 (b) (6)."  Abate, 470 Mass. at 829, citing Mass. R. Civ. P. 12 (b) (1), (6), 365 Mass. 754 (1974).  But nothing in Abate purports to limit a judge to those procedural devices.

Indeed, the Abate court recognized not only that "[t]he jurisdictional facts required for standing . . . are subject to challenge through the introduction of other evidence negating the petitioner's claim" but also that "there is no impediment to a judge holding a hearing to determine the accuracy of alleged jurisdictional facts in the first step of a try title action." Abate, 470 Mass. at 830-831.  Because a judge may hold an evidentiary hearing to resolve factual disputes that determine a try title petitioner's standing (and thus the court's subject

matter jurisdiction), we see no reason why a judge may not also use the summary judgment procedure to resolve whether standing (and thus jurisdiction) may be determined without holding such an evidentiary hearing.[10]  Cf. Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 506 (2014) (approving use of summary judgment procedure to resolve try title action without requiring respondent to assert claim of title).

4.  Remaining issues.  Bigelow's remaining arguments may be resolved summarily.  First, that Reem did not file a counterclaim in the try title action, or initiate an independent action to establish its claim to title, did not require that Reem be defaulted.  Because Bigelow could not show standing, and thus could not succeed at the "first step" of the try title action, the case never proceeded to the "second step," and so Reem was never called upon either to prove its title or disclaim its interest.  Abate, 470 Mass. at 822.

---

[10] Bigelow is mistaken in asserting that the judge, by ordering Reem to file a summary judgment motion making its claim preclusion argument, implicitly denied Reem's earlier motion to dismiss, which had made the same argument.  We view the judge's order as recognizing that, in the circumstances, it was desirable to resolve the claim preclusion argument (and thus Bigelow's standing) based on a fuller record than that available for the rule 12 (b) (6) motion.  Moreover, even an express denial of the motion to dismiss would not have barred allowance of the motion for summary judgment.  Cf. Winchester Gables, Inc. v. Host Marriott Corp., 70 Mass. App. Ct. 585, 593 (2007) (discussing limits of "law of the case" doctrine).

Second, contrary to Bigelow's argument, the Land Court judge did not rule that Reem's foreclosure deed was forged or invalid. Instead, the judge, for the limited purpose of ruling on Reem's summary judgment motion, merely accepted Bigelow's "contention" that the deed was forged. The judge then made clear that the contention was beside the point, because the proper place to pursue it was in an appeal from the Housing Court's denial of Bigelow's rule 60 (b) motion. The contention, even if true, did not permit the judge to ignore the summary process judgment's preclusive effect.

Bigelow has made no argument specifically addressing the Land Court judge's orders denying his motions to reconsider or for relief from judgment; any such arguments are thus waived. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

Conclusion. We affirm the judgment, the September 24, 2020 order denying Bigelow's motion for reconsideration, and the September 21, 2021 order denying Bigelow's motion for relief from judgment.[11]

So ordered.

---

[11] We deny Reem's request for an award of its appellate attorney's fees and double costs.